

---

85 Broad St., Suite 501, New York, New York 10004
t: 212.471.5100   f:212.471.5150
friedmanvartolo.com

April 1, 2025

**VIA ECF**
Hon. Denis R. Hurley, J.S.C
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

                RE:        CIT Bank, N.A. v. Castillo, et al.
                            Case No. 2-17-cv-02132-DRH - ARL

Dear Honorable Sir,

      This office has recently been retained as counsel for Plaintiff, CIT Bank, N.A. ("Plaintiff"). A Notice of Appearance is being filed simultaneously with this letter. We are writing to request permission to file a motion to reopen this action for the purposes of vacating the Decree of Foreclosure and Sale pursuant to FCRP 60(b)(5) and for an Order of Dismissal pursuant to FRCP 41.

      As set forth in the complaint, on or about October 16, 2006, Defendant Maryory P. Castillo ("Borrower") obtained a loan from Continental Home Loans, Inc. ("Continental) in the principal amount of $304,000.00. The loan is evidenced by a note ("Note") executed by Borrower and a mortgage ("Mortgage") signed by Borrower and Maricela I. Baksh (the "Mortgagors"). Mortgagors defaulted on the loan by failing to make the payment that was due on August 1, 2016 and have not made any additional payments after that date.

      This residential mortgage foreclosure action was commenced on April 7, 2014. On September 15, 2017, Plaintiff filed a motion for default judgment and judgment of foreclosure and sale ("Motion") [Docket No. 17]. By Order entered September 18, 2017, the Motion was referred to United States Magistrate Judge Arlene R. Lindsay to issue a Report and Recommendation. Justice Lindsay filed her report on March 8, 2018 [Docket No. 18], resulting in the Court issuing an Order adopting the Report and Recommendations from Magistrate Judge on April 5, 2018 [Docket No. 21]. Thereafter, a Decree of Foreclosure and Sale thereafter entered October 24, 2018 [Docket No. 25] as well as an Order Dismissing the Case.

      Our review of this matter has revealed that subsequent to the entry of the Judgment of Foreclosure and Sale, the parties were able to resolve the matter by virtue of a loan modification agreement, a copy of which is attached.

      Accordingly, Plaintiff respectfully requests leave to file a motion to reopen this foreclosure action so that the Decree/Judgment of Foreclosure and Sale may be vacated and this action dismissed.

    Please contact the undersigned with any questions or concerns. Thank you for your time and consideration.

                                                  Respectfully,

                                                  /s/ Zachary R. Gold, Esq.
                                                  Zachary R. Gold, Esq
                                                  FRIEDMAN VARTOLO, LLP
                                                  zgold@friedmanvartolo.com


cc:    Marory P. Castillo
       27 Pandora Drive
       Brentwood, NY 11717

       Maricela I. Baksh
       27 Pandora Drive
       Brentwood, NY 11717

       Clerk of the Suffolk County Traffic and Parking Violations Agency
       100 Veterans Memorial Highway
       Hauppauge, NY 11788

       Continental Home Loans Inc.
       290 Broadhollow Road
       Melville, NY 11747

After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
1755 Wittington Place Ste. 400
Farmers Branch, TX 75234

This Document Prepared By:
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, CA 92618

Parcel ID Number: 0500-073.00-01.00-027.000

Original Loan Note Amount: $304,000.00
Current UPB: $442,936.09
New Money: $50,170.18
New UPB: $493,106.27
Section: 073.00, Block: 01.00, Lot: 027.000

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **October 25, 2006**                      Loan No: ▮
Original Loan Amount: **$304,000.00**                       Investor Loan No: ▮

# LOAN MODIFICATION AGREEMENT
(Providing For Fixed Interest Rate)

This property is or will be improved by a one or two family dwelling only.

This Loan Modification Agreement ("Agreement"), made this 26th day of May, 2020, between **MARYORY P CASTILLO and MARICELA I BAKSH, whose mailing address is 27 PANDORA DRIVE, BRENTWOOD, NY 11717** ("Borrower") and **Rushmore Loan Management Services LLC, whose address is 1755 Wittington Place Ste. 400, Farmers Branch, TX 75234** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated **October 16, 2006** and recorded in Book/Liber **M00021406**, Page **981**, Instrument No: **N/A** and recorded on **October 25, 2006**, of the Official Records of **SUFFOLK** County, **NY** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**27 PANDORA DRIVE, BRENTWOOD, NY 11717,**
(Property Address)

the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

the Chain of Title described being set forth as follows:

RM Custom Modification
(page 1 of 5)

See Exhibit "B" attached hereto and made a part hereof;

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **April 1, 2020**, (the "Modification Effective Date"), the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$493,106.27**, consisting of all amounts and arrearages that are past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances, late charges, and other costs, collectively "Unpaid Amounts") less Principal in the amount of U.S. **$193,106.27**, which has been forgiven (the "Principal Forgiveness"). In some cases, debt forgiveness may be taxed as income. Please consult a tax advisor regarding any tax implications you may have due to this transaction. The new amount payable under the Note and Security Instruments is U.S. **$300,000.00** (the "New Principal Balance").

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.000%**, from **April 1, 2020**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,446.59**, beginning on the **1st** day of **May, 2020**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **5.000%** will remain in effect until principal and interest are paid in full. If on **April 1, 2060** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security

Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

   (f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

   Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

   By checking this box, Borrower also consents to being contacted by text messaging [ ].



LOAN MODIFICATION AGREEMENT - w/Forgiveness
1101 12492 11/18

RM Custom Modification

(page 3 of 5)

6. This Agreement modifies an obligation secured by an existing security instrument recorded in SUFFOLK County, NY, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $442,936.09. The principal balance secured by the existing security instrument as a result of this Agreement is $493,106.27, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_MARYORY CASTILLO_    Date: 6/4/2020
**MARYORY P CASTILLO** -Borrower

_Maricela I Baksh_    Date: 6/4/2020
**MARICELA I BAKSH** -Borrower

[Space Below This Line For Acknowledgments]

State of New York

County of Suffolk

On the 4 day of June in the year 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared **MARYORY P CASTILLO and MARICELA I BAKSH**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Carolay Caiaffa_
Signature

CAROLAY CAIAFFA    Office
Notary Public - State of New York
No. 01CA6254890
Qualified in Suffolk County
Commission Expires Jan. 23, 2024

1101 12492 11/18

RM Custom Modification
(page 4 of 5)

**Rushmore Loan Management Services LLC**

By: _____JB_____(Seal) - Lender
Name: ___James Byers___
Title: ___Assistant Vice President___

___6/23/20___
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

STATE OF _____ )

COUNTY OF _____ ) SS.:

On the _____ day of _____ in the year _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of individual taking acknowledgment.)

LOAN MODIFICATION AGREEMENT - w/Forgiveness
1101 12492 11/18

RM Custom Modification
(page 5 of 5)

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  )
County of ____ORANGE____  )

On __6/23/2020__ before me, __Shizue Maeda, Notary Public__,
        Date                                   Here Insert Name and Title of the Officer

personally appeared __James Byers__
                                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                          Signature of Notary Public

[Notary Seal: SHIZUE MAEDA, Notary Public - California, Orange County, Commission # 2270060, My Comm. Expires Dec 7, 2022]

Place Notary Seal Above
――――――――――― OPTIONAL ―――――――――――
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____  Document Date: _____
Number of Pages: _____  Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# Exhibit "A"

Loan Number: ███████

Property Address: **27 PANDORA DRIVE, BRENTWOOD, NY 11717**

Legal Description:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE TOWN OF ISLIP, COUNTY OF SUFFOLK AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS LOT 147, ON A CERTAIN MAP ENTITLED MAP OF ROBIN HILL AT BRENTWOOD, NORTH SIDE, SECTION 3 AND FILED IN THE OFFICE OF THE CLERK OF THE COUNTY OF SUFFOLK ON FEBRUARY 24, 1958 AS MAP NO. 2797, WHICH SAID LOT IS BOUNDED AND DESCRIBED AS FOLLOWS; BEGINNING AT A POINT ON THE NORTHERLY SIDE OF PANDORA DRIVE WHICH SAID POINT IS DISTANT EASTERLY 80.00 FEET FROM THE EXTREMELY EASTERLY END OF THE ARC OF CURVE CONNECTING THE EASTERLY SIDE OF PAR LANE WITH THE NORTHERLY SIDE OF PANDORA DRIVE, AND FROM SAID POINT OF BEGINNING: RUNNING THENCE NORTH 22 DEGREES 20 MINUTES 00 SECONDS WEST, 113.36 FEET; THENCE NORTH 14 DEGREES 31 MINUTES 40 SECONDS EAST ,45.79 FEET; THENCE NORTH 67 DEGREES 40 MINUTES 00 SECONDS EAST, 51.43 FEET; THENCE SOUTH 22 DEGREES 20 MINUTES 00 SECONDS EAST, 150.00 FEET TO THE NORTHERLY SIDE OF PANDORA DRIVE; THENCE ALONG THE NORTHERLY SIDE OF PANDORA DRIVE, SOUTH 67 DEGREES 40 MINUTES 00 SECONDS WEST, 79.00 FEET TO THE POINT OR PLACE OF BEGINNING. DISTRICT: 0500, SECTION: 073.00, BLOCK: 01.00, LOT 027.000.

## Exhibit "B"

Loan Number: ▮▮▮▮▮▮▮

Property Address: **27 PANDORA DRIVE, BRENTWOOD, NY 11717**

Chain of Title: **ORIGINAL MORTGAGE DATED 10/16/2006 AND RECORDED ON 10/25/2006 IN BOOK M00021406, PAGE 981 AND INSTRUMENT NO. N/A WITH LOAN AMOUNT $304,000.00 FROM MARYORY P. CASTILLO AND MARICELA I. BAKSH TO CONTINENTAL HOME LOANS INC. ASSIGNMENT OF MORTGAGE DATED 10/16/2006 FROM CONTINENTAL HOME LOANS INC. TO INDYMAC BANK, F.S.B., RECORDED ON 01/22/2008 IN BOOK M00021661, PAGE 261 WITH INSTRUMENT NO. N/A. ASSIGNMENT OF MORTGAGE DATED 10/16/2006 FROM CONTINENTAL HOME LOANS INC. TO INDYMAC BANK, F.S.B., RECORDED ON 03/11/2009 IN BOOK M00021795, PAGE 984 WITH INSTRUMENT NO. N/A. ASSIGNMENT OF MORTGAGE DATED 01/25/2010 FROM FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB, SUCCESSOR TO INDYMAC BANK, F.S.B. TO ONEWEST BANK, FSB, RECORDED ON 04/27/2010 IN BOOK M00021942, PAGE 466 WITH INSTRUMENT NO. N/A. ASSIGNMENT OF MORTGAGE DATED 10/28/2009 FROM INDYMAC BANK, F.S.B. TO ONEWEST BANK FSB, RECORDED ON 05/09/2011 IN BOOK M00022074, PAGE 535 WITH INSTRUMENT NO. N/A.**

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: [REDACTED]  
Date: **May 26, 2020**

Borrower(s):   **MARYORY P CASTILLO and MARICELA I BAKSH**

Property Address:   **27 PANDORA DRIVE, BRENTWOOD, NY 11717**

Lender:   **Rushmore Loan Management Services LLC**

In consideration of **Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____   Date: 6/4/2020  
**MARYORY P CASTILLO**  -Borrower

_____   Date: 6/4/2020  
**MARICELA I BAKSH**  -Borrower

Errors and Omissions/Compliance Agreement

## AFFIDAVIT UNDER SECTION 255 OF THE NEW YORK STATE LAW
(Modification Agreement)

State of ~~New York~~ CA
County of ~~SUFFOLK~~ Orange

I, _____ James Byers _____, being duly sworn, deposes and says:

1. That he/she is the agent for the owner and holder of the hereinafter described mortgage, and is familiar with the facts set forth herein.

2. That a certain mortgage (the "Mortgage") bearing the date of October 16, 2006, in the principal amount of THREE HUNDRED FOUR THOUSAND AND NO/100 ($304,000.00) was made by MARYORY P CASTILLO and MARICELA I BAKSH as Mortgagor to CONTINENTAL HOME LOANS INC. as original Mortgagee, recorded on October 25, 2006, in Book/Liber **M00021406**, Page **981**, Instrument No: **N/A**, in the SUFFOLK County Clerk's Office, upon which the mortgage tax in the amount of $3,612.00 was duly paid thereon.

3. That the instrument offered for recording herewith is a Modification of the Mortgage (the "Agreement") made by MARYORY P CASTILLO and MARICELA I BAKSH to Rushmore Loan Management Services LLC effective April 1, 2020, and to be recorded in the SUFFOLK County Clerk's Office.

4. That the Agreement offered for recording modifies and does not create or secure any new or further lien, indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded mortgage hereinabove first described with the exception of the following amount:

   a) Original Principal Amount         $304,000.00
   b) Current Unpaid Principal Balance  $442,936.09
   c) New Money                         $50,170.18
   d) New Unpaid Principal Balance      $493,106.27

5. That there have been no re-loans or re-advances on the Mortgage.

6. That additional mortgage recording tax of **$527.10** is being paid on the Agreement on the sum set forth in 4c.

7. That Exemption from further tax is CLAIMED under Section 255 of the Tax Law.

8. That the chain of title for the Mortgage is: **ORIGINAL MORTGAGE DATED 10/16/2006 AND RECORDED ON 10/25/2006 IN BOOK M00021406, PAGE 981 AND INSTRUMENT NO. N/A WITH LOAN AMOUNT $304,000.00 FROM MARYORY P. CASTILLO AND MARICELA I. BAKSH TO CONTINENTAL HOME LOANS INC. ASSIGNMENT OF MORTGAGE DATED 10/16/2006 FROM CONTINENTAL HOME LOANS INC. TO INDYMAC BANK, F.S.B., RECORDED ON 01/22/2008 IN BOOK M00021661, PAGE 261 WITH INSTRUMENT NO. N/A. ASSIGNMENT OF MORTGAGE DATED 10/16/2006 FROM CONTINENTAL HOME LOANS INC. TO INDYMAC BANK, F.S.B., RECORDED ON 03/11/2009 IN BOOK M00021795, PAGE 984 WITH INSTRUMENT NO. N/A. ASSIGNMENT OF MORTGAGE DATED 01/25/2010 FROM FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB, SUCCESSOR TO INDYMAC BANK, F.S.B. TO ONEWEST BANK, FSB, RECORDED ON 04/27/2010 IN BOOK M00021942, PAGE 466 WITH INSTRUMENT NO. N/A. ASSIGNMENT OF MORTGAGE DATED 10/28/2009 FROM INDYMAC BANK, F.S.B. TO ONEWEST BANK FSB, RECORDED ON 05/09/2011 IN BOOK M00022074, PAGE 535 WITH INSTRUMENT NO. N/A.**

9. That the Legal Description for the property is: **ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE TOWN OF ISLIP, COUNTY OF SUFFOLK AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS LOT 147, ON A CERTAIN MAP ENTITLED MAP OF ROBIN HILL AT BRENTWOOD, NORTH SIDE, SECTION 3 AND FILED IN THE OFFICE OF THE CLERK OF THE COUNTY OF SUFFOLK ON FEBRUARY 24, 1958 AS MAP NO. 2797, WHICH**

SAID LOT IS BOUNDED AND DESCRIBED AS FOLLOWS; BEGINNING AT A POINT ON THE NORTHERLY SIDE OF PANDORA DRIVE WHICH SAID POINT IS DISTANT EASTERLY 80.00 FEET FROM THE EXTREMELY EASTERLY END OF THE ARC OF CURVE CONNECTING THE EASTERLY SIDE OF PAR LANE WITH THE NORTHERLY SIDE OF PANDORA DRIVE, AND FROM SAID POINT OF BEGINNING: RUNNING THENCE NORTH 22 DEGREES 20 MINUTES 00 SECONDS WEST, 113.36 FEET; THENCE NORTH 14 DEGREES 31 MINUTES 40 SECONDS EAST ,45.79 FEET; THENCE NORTH 67 DEGREES 40 MINUTES 00 SECONDS EAST, 51.43 FEET; THENCE SOUTH 22 DEGREES 20 MINUTES 00 SECONDS EAST, 150.00 FEET TO THE NORTHERLY SIDE OF PANDORA DRIVE; THENCE ALONG THE NORTHERLY SIDE OF PANDORA DRIVE, SOUTH 67 DEGREES 40 MINUTES 00 SECONDS WEST, 79.00 FEET TO THE POINT OR PLACE OF BEGINNING. DISTRICT: 0500, SECTION: 073.00, BLOCK: 01.00, LOT 027.000.

**Rushmore Loan Management Services LLC**

Name: _James Byers_
Title: _Assistant Vice President_
Sworn to before me this _____ day of _____, 20____.

Notary Public, State of _____
My Commission Expires: _____

Affidavit Under Section 255 of the New York State Law
1101 2090 12/15

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**     **GOVERNMENT CODE § 8202**

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

1. ~~_____~~
2. ~~_____~~
3. ~~_____~~
4. ~~_____~~
5. ~~_____~~
6. ~~_____~~

_____    _____
Signature of Document Signer No. 1    Signature of Document Signer No. 2 (if any)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ORANGE_____

Subscribed and sworn to (or affirmed) before me on this __23rd__ day of __June__, 20__20__,
   Date        Month        Year
by
(1) __James Byers_____

~~(and (2)~~ _____),
Name(s) of Signer(s)

[Notary Seal: SHIZUE MAEDA, Notary Public - California, Orange County, Commission # 2270060, My Comm. Expires Dec 7, 2022]

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature ___/s/ Shm_____
Signature of Notary Public

Seal
Place Notary Seal Above

———————— OPTIONAL ————————
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5910







## SUFFOLK COUNTY CLERK
## RECORDS OFFICE
## RECORDING PAGE

Type of Instrument: MORTGAGE - NY TAX LAW 258-A   Recorded:   12/31/2024
Number of Pages: 2                                At:         10:21:01 AM
Receipt Number : 24-0161906
MORTGAGE NUMBER: DP028878                         LIBER:      M00023632
                                                  PAGE:       016

District:         Section:         Block:              Lot:
0500              073.00           01.00              027.000

             EXAMINED AND CHARGED AS FOLLOWS
Mortgage Amount:         $106,884.80

Received the Following Fees For Above Instrument
                         Exempt                                     Exempt
  Page/Filing     $10.00    NO    Handling        $20.00    NO
  COE             $5.00     NO    NYS SRCHG       $15.00    NO
  Affidavit       $5.00     NO    Notation        $0.50     NO
  Cert.Copies     $5.00     NO    RPT             $200.00   NO
  RPT-MTG Fee     $200.00   NO    Mort.Basic      $534.50   NO
  Mort.Addl       $320.70   NO    Mort.SplAddl    $0.00     NO
  Mort.SplAsst    $267.25   NO
                                  Fees Paid       $1,582.95
MORTGAGE NUMBER: DP028878
             THIS PAGE IS A PART OF THE INSTRUMENT
             THIS IS NOT A BILL

                         VINCENT PULEO
                         County Clerk, Suffolk County

# COUNTY OF SUFFOLK



VINCENT A. PULEO
SUFFOLK COUNTY CLERK

## NEW YORK TAX LAW §258-A

2nd

Submitted by: _____
Name

_____
Company

Advantage Foreclosure
201 Old Country Road
Suite 200
Melville, NY 11747

_____
Address

### TAX PAID ON UNRECORDED DOCUMENT

Maryory P. Castillo and Marcela I. Baksh
Mortgagor

Continental Home Loans Inc.
Mortgagee

Premises herein are improved by a one or two family residence only ✓

Unrecorded Mortgage Reference Number: _____

Original Mortgage Liber & Page (if applicable):    Liber: M00021406, Page: 981

Unrecorded Mortgage Amount:    $106,884.80

Mortgage Tax Paid:    $1,122.45

Tax Map Number(s): District: 0500, Section: 073.00, Block: 01.00, Lot: 027.00

THIS DOCUMENT IS FOR THE COLLECTION OF MORTGAGE TAX FOR A LOST OR UNRECORDABLE MORTGAGE. THE PRESENTER ACKNOWLEDGES THAT THIS FORM IS PRESENTED IN LIEU OF A RECORDABLE MORTGAGE PURSUANT TO NEW YORK TAX LAW §258-A.

THIS DOCUMENT IS ACCEPTED BY THE SUFFOLK COUNTY CLERK FOR THE PURPOSE OF FILING AND COLLECTION OF MORTGAGE TAX ONLY. THE COUNTY CLERK MAKES NO REPRESENTATION AS TO THE ACCURACY OR CONTENT OF THE INFORMATION CONTAINED HEREIN.

CLERK OF
SUFFOLK COUNTY
L M00023632
P 016
DP028878

# AFFIDAVIT UNDER SECTION 255 OF THE TAX LAW

State of California )
               ) ss.:
County of Humboldt )

*Premises herein are improved by a one or two family residence only*

__Jeffrey Harold Harrison__, being duly sworn, deposes and says he/she is the __Authorized Agent__ of __SN Servicing Corp.__, and is familiar with the facts set forth

That a certain mortgage was made by Maryory P. Castillo and Maricela I. Baksh (mortgagors) to Continental Home Loans Inc. (mortgagee) which mortgage was dated October 16, 2006 (date of original mortgage) and recorded in the Clerk for the County of Suffolk on October 25, 2006 (recorded date) in Liber M00021406 Page 981 in the original principal sum of $304,000.00 upon which mortgage tax in the sum of $3,162.00 (original mortgage tax amount) was duly paid. Said mortgage covered the premises known as and by 27 Pandora Drive, Brentwood, New York 11717 and known as District 0500, Section 073.00, Block 01.00 and Lot 027.000.

Said mortgage was assigned by assignment of mortgage issued by Continental Home Loans Inc. to IndyMac Bank F.S.B. dated October 16, 2006, and recorded on January 22, 2008, in the Office of the Clerk of Suffolk County in Liber M00021661 Page 261.

That a Loan Modification was entered into between Maryory Castillo (mortgagor) and IndyMac Bank, F.S.B. (mortgagee) dated June 17, 2008, which intends to modify the mortgage in Liber M00021406 Page 981 and capitalize the sum of $27,486.62 to form a new single lien of $331,486.62. The principal balance of the mortgage prior to said Modification was $304,000.00. Mortgage tax will be paid on the capitalized amount of $27,486.62 in the **sum of $288.61** $288.75 (*Modification to be recorded simultaneously herein*)

Said mortgage was assigned by assignment of mortgage issued by Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B. to Continental Home Loans, Inc. dated August 30, 2019, and recorded on September 20, 2019, in the Office of the Clerk of Suffolk County in Liber M00023062 Page 952.

Said mortgage was assigned by corrective gap assignment of mortgage issued by Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B. to Continental Home Loans, Inc. dated January 16, 2020, and recorded on April 3, 2020, in the Office of the Clerk of Suffolk County in Liber M00023123 Page 357.

Said mortgage was assigned by assignment of mortgage issued by Continental Home Loans, Inc. to IndyMac Bank F.S.B. dated October 16, 2006, and recorded on March 11, 2009, in the Office of the Clerk of Suffolk County in Liber M00021795 Page 984.

Said mortgage was assigned by assignment of mortgage issued by Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB, Successor to IndyMac Bank, F.S.B. to

OneWest Bank, FSB, dated January 25, 2010, and recorded on April 27, 2010, in the Office of the Clerk of Suffolk County in Liber M00021942 Page 466.

That a Loan Modification was entered into between Maryory Castillo and Maricela I. Baksh (mortgagors) and IndyMac Mortgage Services (mortgagee) dated March 9, 2015, which intends to modify the mortgage in Liber M00021406 Page 981 and capitalize the sum of $218,345.54 to form a new single lien of $549,831.63. The principal balance of the mortgage prior to said Modification was $331,486.09. The amount of $348,764.77 was deferred and therefore is not taxable. The new principal balance is $201,066.86. No new monies were advanced with this Modification and no mortgage tax is due.

Said mortgage was assigned by gap assignment of mortgage issued by Cit Bank, N.A. F/K/A OneWest Bank N.A. F/K/A OneWest Bank, FSB to Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B., dated August 30, 2019, and recorded on September 20, 2019, in the Office of the Clerk of Suffolk County in Liber M00023062 Page 943.

Said mortgage was assigned by corrective gap assignment of mortgage issued by Cit Bank, N.A. F/K/A OneWest Bank N.A. F/K/A OneWest Bank, FSB to Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B., dated December 4, 2019, and recorded on January 3, 2020, in the Office of the Clerk of Suffolk County in Liber M00023094 Page 135.

Said mortgage was assigned by assignment of mortgage issued by IndyMac Bank, F.S.B. to OneWest Bank, FSB, dated October 28, 2009, and recorded on May 9, 2011, in the Office of the Clerk of Suffolk County in Liber M00022074 Page 535.

Said mortgage was assigned by assignment of mortgage issued by Cit Bank, N.A. F/K/A OneWest Bank N.A. F/K/A OneWest Bank, FSB to MTGLQ Investors, L.P. dated September 4, 2019, and recorded on May 7, 2020, in the Office of the Clerk of Suffolk County in Liber M00023133 Page 309.

That a Loan Modification was entered into between Maryory P. Castillo and Maricela I. Baksh (mortgagors) and Rushmore Loan Management Services LLC (mortgagee) dated May 26, 2020, which intends to modify the mortgage in Liber M00021406 Page 981 and capitalize the sum of $299,991.07 to form a new single lien of $493,106.27. The principal balance of the mortgage prior to said Modification was $193,115.20. The amount of $193,106.27 was forgiven and therefore is not taxable. The new principal balance is $300,000.00. Mortgage tax will be paid on the capitalized amount of $106,884.80 in the sum of ~~$1,122.29~~ $1,122.45

This mortgage does not create any new lien or indebtedness and no further advances have been made under said mortgage except as stated herein.

*[This space intentionally left blank]*

**WHEREOF**, deponent respectfully requests that such be declared exempt from taxation pursuant to the provisions of Section 255, Article II of the Tax Law.

_____
Jeffrey Harold Harrison

Sworn before me this _____ day of
_____, _____.

_____
Notary Public

Please see the attached
California notarial certificate.
Thank you.

## CALIFORNIA JURAT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California     )
County of Humboldt   )

Subscribed and sworn to (or affirmed) before me on this 6th day of November, 2024, by Jeffrey Harold Harrison, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature _____
Comm. Exp: Sep 17, 2026

*[Notary Seal: ALICIA J. GENTLEMAN, Notary Public - California, Humboldt County, Commission # 2416431, My Comm. Expires Sep 17, 2026]*

## TO BE COMPLETED IF EXECUTING OUTSIDE OF NEW YORK STATE

### ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
                                                   ) ss.
COUNTY OF HUMBOLDT

    On November 6th, 2024, before me, Alicia J. Gentleman, a Notary Public, personally appeared Jeffrey Harold Harrison, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in Eureka, California.

    I certify under **PENALTY OF PERJURY** under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS** my hand and official seal.

Signature _____
Notary Public: Alicia J. Gentleman

*[Notary Seal: ALICIA J. GENTLEMAN, Notary Public - California, Humboldt County, Commission # 2416431, My Comm. Expires Sep 17, 2026]*

Personally Known_____ or
Produced Identification: ____X____

Type of Identification Produced: **Driver's License**